JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JAMIE MOSER

**DEFENDANTS**
JOSHUA TREE, INC.

**(b)** County of Residence of First Listed Plaintiff: Northampton
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kitay Law Offices
1810 Union Blvd., Allentown, PA 18109

Attorneys *(If Known)*
Marshall Dennehey Warner Coleman & Goggin
4905 W. Tilghman St., Ste. 300, Allentown, PA 18104

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. Sec. 206

Brief description of cause:
Equal Pay Act Violation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 08/06/2020

SIGNATURE OF ATTORNEY OF RECORD
*William P. Mansan*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| JAMIE MOSER | : | CIVIL ACTION |
| v. | : | |
| JOSHUA TREE, INC. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.      ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (X)

| 08-06-2020 | William P. Mansour | Jamie Moser |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (610) 776-1700 | (484) 350-3200 | wmansour@kitaylegal.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __126 Krock Lane, Nazareth, PA 18064__

Address of Defendant: __310 Center Street, Stockertown, PA 18083__

Place of Accident, Incident or Transaction: __Stockertown, Northampton County, PA__

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [✓]

I certify that, to my knowledge, the within case [ ] is / [●] is not  related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __08/06/2020__   __/s/ William P. Mansour__   __318833__
Attorney-at-Law / Pro Se Plaintiff   Attorney I.D. # (if applicable)

---

**CIVIL: (Place a √ in one category only)**

A.  *Federal Question Cases:*
- [ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
- [ ] 2. FELA
- [ ] 3. Jones Act-Personal Injury
- [ ] 4. Antitrust
- [ ] 5. Patent
- [ ] 6. Labor-Management Relations
- [ ] 7. Civil Rights
- [ ] 8. Habeas Corpus
- [ ] 9. Securities Act(s) Cases
- [ ] 10. Social Security Review Cases
- [✓] 11. All other Federal Question Cases
  *(Please specify):* __Equal Pay Act/FLSA__

B.  *Diversity Jurisdiction Cases:*
- [ ] 1. Insurance Contract and Other Contracts
- [ ] 2. Airplane Personal Injury
- [ ] 3. Assault, Defamation
- [ ] 4. Marine Personal Injury
- [ ] 5. Motor Vehicle Personal Injury
- [ ] 6. Other Personal Injury *(Please specify):* _____
- [ ] 7. Products Liability
- [ ] 8. Products Liability – Asbestos
- [ ] 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __William P. Mansour__, counsel of record *or* pro se plaintiff, do hereby certify:

[ ] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[✓] Relief other than monetary damages is sought.

DATE: __08/06/2020__   __/s/ William P. Mansour__   __318833__
Attorney-at-Law / Pro Se Plaintiff   Attorney I.D. # (if applicable)

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMIE MOSER, ) | |
| ) | |
| Plaintiff, ) | No. _____ |
| ) | |
| v. ) | |
| ) | |
| JOSHUA TREE, INC., ) | CIVIL ACTION – LAW |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES, Plaintiff JAMIE MOSER ("Plaintiff"), by and through her undersigned counsel, who hereby complains against Defendant JOSHUA TREE, INC. ("Defendant") as follows:

## INTRODUCTION

1. This sex-based pay discrimination action arises under the Equal Pay Act of 1963 ("EPA")/The Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 206(d). Specifically, as set forth in more detail herein, Plaintiff alleges that Defendant paid her significantly less than her direct male predecessor for performing substantially equal work with equal skill and experience, and that such pay disparity was not based on any reasonable factor other than Plaintiff's sex.

## PARTIES

2. Plaintiff is an adult female individual currently residing at 126 Krock Lane, Nazareth, PA 18064.

3. Defendant is a for-profit corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 310 Center Street,

Stockertown, PA 18083. Defendant is in the business of providing tree services, lawn care, and pest control throughout the Lehigh Valley, PA area.

4. At all times relevant and material hereto, Defendant had employees who engaged in commerce and/or who handled, sold, or otherwise worked on or with goods or materials that have been moved in, or produced for, commerce.

5. At all times relevant and material hereto, Defendant was an enterprise whose annual revenue was equal to or greater than $500,000.00.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because this action arises under the laws of the United States.

7. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) because the events giving rise to this action occurred within this district.

## FACTUAL ALLEGATIONS

8. Defendant hired Plaintiff on or about April 25, 2011 to work as an Administrative Assistant at its business office in Stockertown, PA.

9. At all times relevant and material hereto, Defendant's business office in Stockertown, PA was an "establishment" within the meaning of the FLSA.

10. As an Administrative Assistant, Plaintiff was supervised by, and reported directly to, Defendant's Office Manager.

11. At the time of Plaintiff's hire, Defendant's Office Manager was a male employee named Brian Wacik, whom Defendant had hired only a few months earlier.

12. In or around the summer of 2014, Defendant terminated Mr. Wacik.

13. Just prior to his termination, and with 3.5 years of experience in the Office Manager position, Defendant paid Mr. Wacik approximately $31.25 per hour, or approximately $65,000.00 per year.

14. Shortly after terminating Mr. Wacik, Defendant promoted Plaintiff to the Office Manager position. Defendant gave Plaintiff a raise to approximately $16.00 per hour, or approximately $33,000.00 per year.

15. At all times relevant and material hereto, Plaintiff performed the same Office Manager job duties as Mr. Wacik did, and with the same level of skill, experience, and effort.

16. By the beginning of 2018, after Plaintiff had worked 3.5 years as Defendant's Office Manager, Defendant was only paying Plaintiff approximately $21.00 per hour, or approximately $43,500.00 per year.

17. Plaintiff remained Defendant's Office Manager, and continued to earn approximately $21.00 per hour, until Defendant replaced her with an employee named "Jenny" and demoted her to the position of "Accounting Manager" in February 2020.

18. At all times prior to her demotion from the Office Manager position, Plaintiff was qualified for the position and was performing all her job duties satisfactorily.

19. Despite Defendant removing Plaintiff from the Office Manager position, Plaintiff remained responsible for performing all the job duties of Office Manager as well as her new job duties as "Accounting Manager."

20. At the same time Defendant demoted Plaintiff, Defendant also changed her pay from $21.00 per hour to a salary of $48,000.00 per year, with no additional compensation for overtime.

21. Plaintiff separated from her employment with Defendant on April 24, 2020. At the time of her separation, Defendant was paying her $48,000.00 per year to perform virtually all the job duties of Office Manager along with her Accounting Manager job duties.

## COUNT I
### VIOLATION OF 29 U.S.C. § 206(d), THE EQUAL PAY ACT OF 1963/FAIR LABOR STANDARDS ACT OF 1938, AS AMENDED

22. Plaintiff incorporates by reference all preceding allegations as if same were set forth more fully at length herein.

23. Plaintiff is a female.

24. From her promotion to Office Manager in the summer of 2014 through April 24, 2020, Plaintiff performed the same job duties, and had the same responsibilities, as Mr. Wacik did.

25. The work Plaintiff performed as Office Manager was substantially equal to the work Mr. Wacik previously performed as Office Manager.

26. The work Plaintiff performed as Office Manager required the same effort, skill, and responsibility as the work Mr. Wacik previously performed as Office Manager.

27. Plaintiff performed her work as Office Manager under similar working conditions as her male predecessor, Mr. Wacik.

28. From at least August 6, 2017 through April 24, 2020, Defendant paid Plaintiff less than it paid Mr. Wacik for performing substantially equal work requiring the same effort, skill, and responsibility.

29. Defendant's decision to pay Plaintiff less than her male predecessor, Mr. Wacik, for performing substantially equal work requiring the same effort, skill, and responsibility, was not based on any reasonable factor other than Plaintiff's sex.

30. At all times relevant and material hereto, Defendant knew that it paid Plaintiff less than it paid Mr. Wacik for performing substantially equal work requiring the same effort, skill, and responsibility.

31. At all times relevant and material hereto, knowingly ignored and disregarded the fact that it paid Plaintiff less than it paid Mr. Wacik for performing substantially equal work requiring the same effort, skill, and responsibility.

32. At all times relevant and material hereto, Defendant willfully disregarded Plaintiff's rights under the EPA.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendant and award the following relief:

   a. Back pay from August 6, 2017 through April 24, 2020, plus pre- and post-judgment interest;

   b. Liquidated damages in an amount equal to the back pay award;

   c. A permanent injunction directing Defendant to cease all practices in violation of the EPA and requiring Defendant to implement policies, practices, and procedures for ensuring future compliance with the EPA and FLSA;

   d. All costs and reasonable attorney's fees; and

   e. Any other relief deemed proper and just.

## DEMAND FOR JURY TRIAL

**PLEASE TAKE NOTICE** that Plaintiff JAMIE MOSER demands a trial by jury for all claims so triable.

*Respectfully Submitted*,

**KITAY LAW OFFICES**

BY: */s/ William P. Mansour*
William P. Mansour, Esquire
Pa. Attorney ID No. 318833
**Kitay Law Offices**
1810 Union Blvd.
Allentown, PA 18109
P: (610) 776-1700
Email: wmansour@kitaylegal.com

Attorney for Plaintiff Jamie Moser

Dated: August 6, 2020